# Exhibit A

(ICE Policy Memorandum 11058.1, *Implementation of July 2019 Designation of Aliens Subject to Expedited Removal*)

Policy Memorandum: 11058.1
FEA Number: 306-112-002b

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

July 24, 2019

MEMORANDUM FOR:    All ICE Employees

FROM:    Matthew T. Albence
Acting Director

SUBJECT:    Implementation of July 2019 Designation of Aliens Subject to
Expedited Removal

Pursuant to section 235(b)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. §
1225(b)(1), the Department of Homeland Security (DHS) may remove, without a hearing before
an immigration judge, arriving aliens who are inadmissible under sections 212(a)(6)(C) (fraud or
willful misrepresentation) or 212(a)(7) (lack of valid immigration documents) of the INA, 8
U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7). The Secretary, in his "sole and unreviewable discretion,"
may also designate certain other aliens to whom the expedited removal provisions may be
applied.[1]

On July 23, 2019, the Acting Secretary of Homeland Security exercised the full scope of his
statutory authority via publication in the Federal Register of the attached Notice.[2] This expedited
removal designation applies to applicants for admission (other than unaccompanied alien
children as defined in 6 U.S.C. § 279(g)(2)), who:

- are not already subject to an expedited removal designation;[3]
- are encountered anywhere in the United States;
- have not been admitted or paroled into the United States;
- are determined to be inadmissible under sections 212(a)(6)(C) or (a)(7) of the INA, 8
U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7); and

---

[1] *See* INA section 235(b)(1)(A)(iii)(I), 8 U.S.C. § 1225(b)(1)(A)(iii)(I); 8 C.F.R. § 235.3(b)(1)(ii).

[2] *See* 84 Fed. Reg. 35409-14 (July 23, 2019).

[3] Aliens already subject to an expedited removal designation include those "encountered anywhere in the United
States for up to two years after the alien arrived in the United States, provided that the alien *arrived by sea* … [and]
aliens who entered the United States by crossing a land border … if the aliens were encountered by an immigration
officer within 100 air miles of the United States international land border and were continuously present in the
United States for less than 14 days immediately prior to that encounter." 84 Fed. Reg. at 35409 (emphasis added).
Accordingly, provided they are otherwise subject to expedited removal as a matter of law, the July 23, 2019
designation applies to aliens who entered the United States *by land* and are either: (1) encountered within 100 miles
of the border but have been continuously present in the United States at least 14 days but less than two years; or (2)
encountered anywhere in the United States beyond 100 miles of the border and have not been continuously present
for at least two years.

Implementation of July 2019 Designation of Aliens Subject to Expedited Removal
Page 2

- have not affirmatively shown, to the satisfaction of an immigration officer, that they have been physically present in the United States continuously for the two-year period immediately preceding the date of the determination of inadmissibility.[4]

U.S. Immigration and Customs Enforcement (ICE) officers generally have broad discretion whether to apply expedited removal in individual cases, or whether to instead permit aliens to depart voluntarily or withdraw their applications for admission, or to place aliens in removal proceedings before an immigration judge under section 240 of the INA, 8 U.S.C. § 1229a.[5] As a practical matter, I anticipate that the July 23, 2019 designation will be primarily used by ICE in the Criminal Alien Program and worksite enforcement contexts, when officers encounter aliens who have been arrested by another law enforcement agency for criminal activity or when agents encounter unlawful workers at worksites targeted for enforcement action based on investigative leads. In exercising this discretion, officers should not revisit a determination made prior to July 23, 2019 to place an alien in section 240 removal proceedings, even if the alien is amenable to expedited removal under this new designation. Other potentially relevant factors for consideration by immigration officers in exercising their discretion include, but are not limited to, whether an alien's case presents mental competency issues, whether the alien is the sole caregiver of a U.S. citizen child(ren) or appears eligible for relief available in section 240 removal proceedings, the duration of the alien's presence in the United States and nature of his or her ties to the country, and whether ICE seeks to charge additional inadmissibility grounds (e.g., due to criminal history).

Each applicant for admission encountered by ICE following the publication of this July 23, 2019 expedited removal designation whom an immigration officer seeks to place in expedited removal proceedings—and who is not subject to a previous expedited removal designation—bears the affirmative burden to show to the satisfaction of the encountering immigration officer that he or she has been physically present in the United States continuously for the two-year period immediately preceding the date of the determination of inadmissibility by providing evidence establishing the place, date, and manner of entry into the United States and continuity of presence since that time.[6] Evidence that may demonstrate an alien's continuous physical presence in the United States includes, but is not limited to: bankbooks, leases, deeds, licenses, bills, receipts, letters, birth records, church records, school records, employment records, evidence of prior law enforcement encounters or tax payments, and/or the alien's oral statements. If an alien is unable to personally provide such evidence at the time of encounter but claims to have access to such evidence, the alien shall be permitted a brief but reasonable opportunity to obtain it or communicate with a third party to obtain such evidence.

ICE officers who encounter aliens subject to this designation but who make claims to lawful permanent resident, refugee, or asylee status, or who make claims to be a United States citizen, must comply with the procedures set forth in 8 C.F.R. § 235.3(b)(5). Additionally, ICE

---

[4] *See* INA section 235(b)(1)(A)(iii)(II), 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

[5] *See Matter of E-R-M- & L-R-M-*, 25 I&N Dec. 520, 522 (BIA 2011) (holding that language in INA section 235(b)(1)(A)(i), 8 U.S.C. § 1225(b)(1)(A)(i) does not limit DHS's discretion to place aliens amenable to expedited removal into removal proceedings under INA section 240, 8 U.S.C. § 1229a).

[6] *See* 8 C.F.R. § 235.3(b)(1)(ii) ("*Any* absence from the United States shall serve to break the period of continuous physical presence.") (emphasis added).

Implementation of July 2019 Designation of Aliens Subject to Expedited Removal
Page 3

personnel must continue to comply with ICE Policy No. 16001.2, *Investigating the Potential U.S. Citizenship of Individuals Encountered by ICE* (Nov. 10, 2015) and should bear in mind that falsely claiming to be a U.S. citizen can carry both criminal penalties and civil immigration consequences.  *See, e.g.*, INA section 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii) (ground of inadmissibility for falsely claiming citizenship); 18 U.S.C. § 1015(e) (federal felony for making false statement of claim of U.S. citizenship with intent to obtain a benefit or employment).

As required by statute and regulation, any alien who is processed for expedited removal, and who indicates an intention to apply for asylum or expresses a fear of persecution or torture or a fear of return to his or her country, will be referred for an interview by an asylum officer who will determine whether the alien has a credible fear of persecution or torture.[7]  If the alien is found to have a credible fear, he or she will be referred for further consideration of his or her protection claims in accordance with relevant processes already in place.[8]

It is critical that ICE's application of the July 23, 2019 expedited removal designation is consistent with applicable law, carefully documented, and reflective of sound enforcement decision-making.  Accordingly, while expedited removal is a topic covered as part of the basic training that ICE Deportation Officers and Special Agents receive, before an ICE immigration officer may exercise his or her discretion to process an alien for expedited removal under the July 23, 2019 designation, he or she must successfully complete forthcoming training on this designation.  Moreover, during initial implementation of this designation, enhanced ICE oversight mechanisms for expedited removal processing and decision-making must be in place, including senior level supervisory review beyond that required by the regulations, and close consultation with the Office of the Principal Legal Advisor.  Furthermore, ICE systems must be configured to track all cases processed under the July 23, 2019 expedited removal designation, so that prompt reporting can be generated.  While it is critical to respond to the current crisis facing our immigration system with all of the legal tools that Congress has provided, given the need to ensure appropriate training, oversight, and systems updates, I anticipate that ICE immigration officers will not begin processing expedited removal cases under this designation until on or about September 1, 2019.

This document provides internal ICE policy guidance, which may be modified, rescinded, or superseded at any time without notice.  This memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.  Likewise, this guidance places no limitations on the otherwise lawful enforcement or litigative prerogatives of DHS.

Attachment
- Designating Aliens for Expedited Removal, 84 Fed. Reg. 35409-14 (July 23, 2019).

---

[7] *See* INA section 235(b)(1)(B)(v), 8 U.S.C. § 1225(b)(1)(B)(v); 8 C.F.R. §§ 235.3(b)(4), 208.30.  Based on longstanding agency policy, aliens in the credible fear process should also be referred for a credible fear interview if a third party (e.g., attorney, friend, or relative) notifies the immigration officer that the alien is planning to apply for asylum or has a fear of return, if the officer notices signs of serious physical trauma that might indicate mistreatment abroad or if the alien exhibits non-verbal cues that alert the officer to possible fear of harm.

[8] This is currently accomplished by placing the alien into removal proceedings under INA section 240, 8 U.S.C. § 1229a.