**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, et al., | ) |
|  | ) |
| *Plaintiffs*, | ) |
|  | ) |
| v. | ) |
|  | ) No. 19-cv-02369-KBJ |
| KEVIN MCALEENAN, Acting Secretary of the Department of Homeland Security, et al., | ) |
|  | ) |
| *Defendants*. | ) |
|  | ) |
|  | ) |
|  | ) |

The parties hereby jointly submit their respective positions on how this case should proceed.

**PLAINTIFFS' POSITION ON FURTHER PROCEEDINGS**

**I.    PROCEDURAL HISTORY**

Plaintiffs filed this action on August 6, 2019 to challenge the July 23, 2019 Rule authorizing the application of expedited removal to non-citizens inadmissible on certain grounds who cannot demonstrate they have been continuously present for more than 2 years. *See* Notice Designating Aliens for Expedited Removal, 84 Fed. Reg. 35409 (July 23, 2019) ("July 23 Rule"). Plaintiffs subsequently moved for a preliminary injunction on August 9, 2019.

Pending decision on the Motion for Preliminary Injunction, Plaintiffs sought and were granted leave, on consent of Defendants, to file a First Amended Complaint, which in part challenged a Memorandum issued by then Acting Direct of Immigration and Customs Enforcement Matthew Albence dated July 24, 2019 to implement the July 23 Rule. This Memorandum was first disclosed on August 28, 2019. *See* ECF 25-1 ("Implementation of July

2019 Designation of Aliens Subject to Expedited Removal") (hereinafter, "July 24 Memorandum").

On September 27, 2019, this Court preliminarily enjoined the Secretary of Homeland Security's exercise of his authority under 8 U.S.C. § 1225(b)(1)(A)(iii)(I) to designate as subject to expedited removal under 8 U.S.C. § 1225(b)(1) certain inadmissible aliens physically present in the United States for less than two continuous years. *Make the Road v. McAleenan*, 405 F. Supp. 3d 1 (D.D.C. Sep. 27, 2019), *rev'd and remanded sub nom. Make the Rd. New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020).

This Court's preliminary injunction held that Plaintiffs' had a likelihood of success on two grounds: That the July 23 Rule violated the Administrative Procedure Act's ("APA") requirements of notice-and-comment rulemaking and reasoned decisionmaking. *Id.* at 43 (D.D.C. 2019) ("the process that DHS employed to arrive at its conclusion that the Acting DHS Secretary should exercise his discretion to expand the expedited removal process to the fullest extent allowed by the law was fatally flawed under the standards laid out in the APA.")

The Court did not reach three grounds advanced by Plaintiffs in the motion for preliminary injunction: That the procedures implementing the expedited removal system against the expanded class of non-citizens (1) violate the Immigration and Nationality Act ("INA"), (2) are arbitrary-and-capricious, and (3) violate the right-to-counsel provisions in both the APA and the INA.

On November 15, 2019, after Defendants appealed the preliminary injunction, the Court, upon the parties' agreement, stayed proceedings and directed that "the parties shall file a status report within 30 days of the D.C. Circuit's issuance of the mandate." Order (11/15/19). The Court of Appeals issued a decision vacating the preliminary injunction on June 23, 2020, *Make The Rd.*

*New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020), and, after rehearing en banc was denied, the mandate issued on September 30, 2020.

After issuance of the mandate, on October 7, 2020 multiple news outlets have reported that DHS is issuing instructions to ICE officers to attend trainings on the application of expedited removal in the interior of the United States. *See, e.g.,* Hamed Aleaziz, *ICE is Planning to Fast-Track Deportations Across the Country*, BuzzFeed News, Oct. 7, 2020, available at https://www.buzzfeednews.com/article/hamedaleaziz/ice-fast-track-deportations. The article refers to agency memoranda and guidance issued last week implementing expedited removal. *See id.* (referring to guidance documents and a "memo" by Director of Immigration and Customs Enforcement ("ICE") Tony Pham).

According to these articles, ICE is instructing its officers to undergo training, to be completed by October 16, 2020, after which they can begin applying expanded expedited removal to noncitizens under the July 23 Rule.

Plaintiffs have asked Defendants for information concerning Defendants' plans for implementing expedited removal pursuant to the July 23 Rule, and whether they would agree to defer implementation until summary judgment. Defendants have declined to do so.

## II. PLAINTIFFS' PROPOSAL REGARDING FURTHER PROCEEDINGS

In light of the imminent implementation of expedited removal, Plaintiffs seek further preliminary relief on grounds not yet addressed by this Court or the Court of Appeals. Plaintiffs propose the following:

- By Tuesday, October 13, 2020, Defendants shall disclose the recently issued memoranda and guidance documents implementing the July 23 Rule.

- By Monday, October 19, 2020, Plaintiffs will file a second amended complaint and memorandum in support of amendment, adding two additional claims for relief.[1]  The two new claims are (1) that then-Acting Secretary of Homeland Security Kevin McAleenan lacked authority to issue the July 23 Rule because he was not validly serving as the Acting Secretary of DHS at the time; and (2) the July 23 Rule and July 24 Memorandum are invalid because they apply expedited removal to individuals in the interior based on their purported inadmissibility under 8 U.S.C. § 1182(a)(7), despite the fact that this ground of inadmissibility applies only to noncitizens who lack documentation "at the time of their application for admission" into the United States.

- By Monday, October 19, 2020, Plaintiffs will seek a preliminary injunction on the three claims for relief previously raised but not reached by the Court in the first motion for preliminary injunction, as well as the two additional claims for relief in the second amended complaint.

- By Wednesday, October 28, 2020, Defendants will file their oppositions to amendment and to the preliminary injunction motion.

- By Monday, November 2, 2020, Plaintiffs will file their replies.

### DEFENDANTS POSITION ON FURTHER PROCEEDINGS

1.     Plaintiffs filed this lawsuit on August 6, 2019, challenging the Acting Secretary of Homeland Security's exercise on July 23, 2019, under 8 U.S.C. § 1225(b)(1)(A)(iii), of his "sole and unreviewable discretion" to apply the expedited removal statute to certain aliens "who ha[ve] not been admitted or paroled into the United States, and who ha[ve] not affirmatively shown, to

---

[1]  Plaintiffs also reserve the right to seek additional amendments based on the recently issued memoranda.

the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." *See* Dkt. 1. Plaintiffs raised six claims, including that the Secretary's exercise of his authority under section 1225(b)(1)(A)(iii) violates (1) the Administrative Procedure Act (APA), because it failed to follow notice-and-comment procedures, (2) the Due Process Clause because it does not provide for "meaningful process before" Plaintiffs' members can be removed, (3) the APA because it does not provide "people a meaningful process before they are removed from the United States," (4) the APA and the Immigration and Nationality Act (INA) because it does not provide for a right to counsel during expedited removal proceedings, (5) the APA because it is arbitrary and capricious, and (6) the Suspension Clause, because the Secretary's decision does not provide for judicial review of expedited removal orders. Dkt. 1 at ¶¶ 129-55; *see also* Dkt. 37-1 at ¶¶ 131-65

2.     On August 9, 2019, Plaintiffs moved for a preliminary injunction on their first five claims raised in their initial complaint. Dkt. 13. This Court granted the motion as to Claim 1 (failure to follow notice and comment procedures) and Claim 5 (designation was arbitrary and capricious). *Make the Rd. New York v. McAleenan*, 405 F. Supp. 3d 1, 39-60 (D.D.C. 2019). The D.C. Circuit reversed, concluding that this Court erred in finding against the government on either claim. Specifically, the D.C. Circuit held that Plaintiffs "do not have a likelihood of success on their APA notice-and-comment and reasoned decisionmaking claims because the Secretary's decision to expand the scope of expedited removal within statutory limits is committed to agency discretion by law." *Make The Rd. New York v. Wolf*, 962 F.3d 612, 623 (D.C. Cir. 2020). Put differently, the Court held that the courts lack any basis to "substantively superintend the Secretary's designation judgment," *id.* at 633, and that "there is no cause of action under the APA to scrutinize the

Secretary's designation decision so long as it falls within statutory and constitutional bounds." *Id.* at 635.

3.     Plaintiffs appear to concede that they lack any claim under the APA given the D.C. Circuit's decision. *See supra* at 2. However, in an effort to avoid the import of the D.C. Circuit's decision in *Make the Road*, Plaintiffs contend that their remaining claims—Claim 2 (Due Process, unreasonable procedures (Dkt. 1, ¶¶ 135-38, Dkt. 37-1, ¶¶ 138-42)), Claim 3 (APA, failure to adopt minimal procedures (Dkt. 1, ¶¶ 139-43, Dkt. 37-1, ¶¶ 143-49), and Claim 4 (APA, right to counsel (Dkt. ¶¶ 144-48, Dkt. 37-1, ¶¶ 150-56)—which all challenge the Secretary's exercise of his "sole and unreviewable discretion," do not in fact challenge the designation, but instead challenge the "procedures implementing the expedited removal system against the expanded class of non-citizens." *See supra* at 2. As the government explained, those arguments are likely both time-barred and meritless, especially so after the D.C. Circuit's decision. *See Make the Rd. New York* , 405 F. Supp. 3d at 32 n.16 (recognizing but not addressing "Defendants' jurisdictional argument with respect to those claims" given the Court's resting its ruling on two APA claims).

4.     Plaintiffs also now indicate that they will move to amend their complaint, and will renew their motion for preliminary injunction. In particular they intend to assert—for the first time, 14 months after they initiated this lawsuit— a claim under the Federal Vacancies Reform Act "that then-Acting Secretary of Homeland Security Kevin McAleenan lacked authority to issue the July 23 Rule because he was not validly serving as the Acting Secretary of DHS at the time," and what appears to be a statutory claim that "the July 23 Rule and July 24 Memorandum are invalid because they apply expedited removal to individuals in the interior based on their purported inadmissibility under 8 U.S.C. § 1182(a)(7), despite the fact that this ground of inadmissibility applies only to noncitizens who lack documentation 'at the time of their application for admission' into the United

States." *Supra* at 4. These two new claims were required to be raised at the time the case was filed, but were not, and so are also likely time-barred, but in any event, as the government will show, are meritless.

5.     Given the serious threshold justiciability deficiencies that Plaintiffs' remaining claims and the two new claims they propose to add to this litigation suffer, Defendants respectfully submit that further litigation in this case will be most efficient if the parties first brief whether Plaintiffs may amend their complaint a second time 14 months after initiating suit—*see* 8 U.S.C. § 1252(e)(3)(B) (requiring all claims be raised within "60 days" of the date the challenged action "is first implemented"); *Make the Rd. New York v. McAleenan*, 405 F. Supp. 3d 1, 30 (D.D.C. 2019) (explaining that section 1252(e)(3)(B) requires parties to raise their claims "no later than 60 days" after the challenged policy "is first implemented," rather than within 60 days of the first "determination that an individual be subject to expedited removal procedures" under that challenged policy)—and, whether or not amendment is permitted, whether any claims in the operative complaint should be dismissed in light of section 1252(e)(3)(B) or the D.C. Circuit's decision in *Make The Rd. New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020)—including those not explicitly addressed by the D.C. Circuit but that would be foreclosed by the D.C. Circuit's reasoning—before proceeding to briefing cross-motions on summary judgment as to the claims remaining in the case.

6.     In order to facilitate such a briefing schedule, the government sought to confer with Plaintiffs concerning whether they would forego the filing of any motion for preliminary injunction in exchange for the government agreeing not to apply the designation at issue in this litigation to any of Plaintiffs' members as of the date of the agreement. The parties have not yet fully conferred on such an agreement, but Plaintiffs have indicated they would not accept such an agreement in

any event. Even so, the government believes that the parties could litigate all outstanding issues remaining in the case on a reasonable motion to dismiss and summary judgment schedule, allowing the Court to decide all outstanding issues promptly. But the parties require additional time to confer on such a schedule if the Court is in favor of proceeding to a motion to dismiss and for summary judgment.

7.      Alternatively, should the court prefer to proceed with a preliminary injunction, rather than move forward with summary judgment briefing, with respect to briefing concerning Plaintiffs' motions to amend their complaint and for preliminary injunction—but without any agreement between the parties as to whether Plaintiffs' member will be subject to the designation during the pendency of further briefing—the government agrees with Plaintiffs' original scheduling proposal, as follows:[2]

- **October 23**: Plaintiffs file their motion to amend the complaint, submit a proposed amended complaint along with a redline comparing the proposed complaint with the operative complaint, and file their renewed motion for preliminary injunction. In at least one of these briefs, Plaintiffs shall address whether the Court has jurisdiction over their new claims, and whether they have Article III standing to pursue these new claims. Alternatively, should Plaintiffs decline to address jurisdiction and standing in their opening brief, Defendants request the opportunity to file a sur-reply to address any arguments concerning standing and jurisdiction raised for the first time in Plaintiffs' reply briefs (see November 20 scheduling date, below).

---

[2] By email dated Wednesday, October 7, 2020, Plaintiffs' counsel proposed this schedule. Plaintiffs have since rescinded that proposal, and have proposed a more truncated briefing schedule. Defendants believe, given the complex issues raised and Plaintiffs' new proposed claims, the Court and the parties will benefit from a longer briefing schedule.

- **November 6**: Defendants file any opposition to the motion to amend and to the motion for preliminary injunction. If Plaintiffs submit any extra-record materials in support of their motion for preliminary injunction, Defendants will also move to strike any extra-record materials improperly expanding the scope of the administrative record in this case.

- **November 13**: Plaintiffs file any reply in support of the motions to amend the complaint and for preliminary injunction, and any opposition to motion to strike.

- **November 20**: Defendants file a reply in support of the motion to strike and, if Plaintiffs have not addressed justiciability in their opening briefs, a sur-reply addressing any Article III standing and jurisdictional issues raised for the first time in Plaintiffs' second set of briefs.

- The government also proposes that the parties be permitted to incorporate prior preliminary injunction briefing by reference, given that the parties have extensively briefed Claims 2-4 of the operative complaint as part of the last briefing cycle. *See* Dkts. 13, 25, 27.

- The government further requests that the deadline to answer or file a dispositive Rule 12 motion be held in abeyance pending resolution of the motions to amend and for preliminary injunction.

8.      Finally, Defendants disagree with Plaintiffs' proposal that Defendants must submit any "recently issued memoranda and guidance documents implementing the July 23 Rule" before Plaintiffs have moved to amend their complaint and officially put Defendants on "notice" of what additional claims they are seeking to raise and what additional policies they are attempting to challenge. *See* Fed .R. Civ. P. 8(a). Instead, the Court should order the parties to meet and confer once Plaintiffs file their proposed amended complaint and Defendants have actual notice of what

new claims Plaintiffs are seeking to add, concerning what, if any, additional record materials are

relevant to resolution of the motion for preliminary injunction.


Dated: October 8, 2020                          Respectfully submitted,

Trina Realmuto*                                          */s/ Celso Perez*
National Immigration Litigation Alliance         Celso Perez  (D.C. Bar No. 1034959)
100 Griggs Terrace                               Anand Balakrishnan*
Brookline, MA 02446                              Omar C. Jadwat*
(617) 819-4447                                   Lee Gelernt*
                                                 Michael Tan*
Kristin Macleod-Ball*                            American Civil Liberties Union
American Immigration Council                     Foundation, Immigrants' Rights Project
1318 Beacon Street, Suite 18                     125 Broad Street, 18th Floor
Brookline, MA 02446                              New York, NY 10004
(857) 305-3600                                   (212) 549-2600

Karolina J. Walters (D.C. Bar No. 1049113)       Stephen B. Kang*
American Immigration Council                     Julie Veroff**
1331 G Street, NW, Suite 200                     American Civil Liberties Union
Washington, D.C. 20005                           Foundation, Immigrants' Rights Project
(202) 507-7520                                   39 Drumm Street
                                                 San Francisco, CA 94111
                                                 (415) 343-0774
Jonathan K. Youngwood*
Susannah S. Geltman*
Joshua Polster*                                  Arthur B. Spitzer (D.C. Bar No. 235960)
Simpson Thacher & Bartlett LLP                   Scott Michelman (D.C. Bar No. 1006945)
425 Lexington Avenue                             American Civil Liberties Union
New York, NY 10017                               Foundation of the District of Columbia
(212) 455-2000                                   915 15th Street, NW, 2nd floor
                                                 Washington, D.C. 20005
                                                 (202) 457-0800
Adrienne V. Baxley (D.C. Bar No. 1044750)
Simpson Thacher & Bartlett LLP
900 G Street, N.W.                               *Attorneys for Plaintiffs*
Washington, D.C. 20001
(202) 636-5500

                                                 * Admitted pro hac vice
                                                 **Filing pursuant to LCvR 83.2(c)

Dated: October 8, 2020                    Respectfully submitted,

                                          JEFFREY BOSSERT CLARK
                                          Acting Assistant Attorney General

                                          WILLIAM C. PEACHEY
                                          Director

                              By: /s/ *Erez Reuveni*
                                          EREZ REUVENI
                                          Assistant Director
                                          Office of Immigration Litigation
                                          U.S. Department of Justice, Civil Division
                                          P.O. Box 868, Ben Franklin Station
                                          Washington, DC 20044
                                          Tel: (202) 307-4293
                                          Email: Erez.R.Reuveni@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2020 I electronically filed the foregoing status report with the Clerk for the United States District Court for the District of Columbia by using the CM/ECF system. A true and correct copy of this filing has been served on all counsel via the Court's CM/ECF system:

*/s/ Celso Perez*
Celso Perez
Attorney for Plaintiffs
