UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHAD F. WOLF, *Acting Secretary of the* ) <br> *Department of Homeland Security*, *et al.*, ) <br> ) <br> Defendants. ) | No. 19-cv-2369 (KBJ) |

## SCHEDULING ORDER

Plaintiffs filed the instant action on August 6, 2019 (*see* Compl., ECF No. 1), to challenge the July 23, 2019, decision by the Acting Secretary of the Department of Homeland Security to authorize the application of expedited removal to noncitizens located anywhere in the United States who cannot demonstrate that they have been continuously present in this country for more than two years. *See Designating Aliens for Expedited Removal*, 84 Fed. Reg. 35,409 (July 23, 2019). Plaintiffs subsequently moved for a preliminary injunction (*see* Pls.' Mot. for Prelim. Inj., ECF No. 13), which this Court granted on September 27, 2019, *see Make the Road N.Y. v. McAleenan*, 405 F. Supp. 3d 1 (D.D.C. 2019). Defendants filed a notice of appeal on October 25, 2019 (*see* Notice of Appeal, ECF No. 44), and the D.C. Circuit issued a decision on June 23, 2020, vacating the preliminary injunction and remanding the matter to this Court for further proceedings, *see Make the Rd. New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020).

The mandate issued on September 30, 2020, after Plaintiffs' request for rehearing *en banc* was denied. (*See* Mandate, ECF No. 49.)

The parties have now submitted competing schedules for further proceedings, which present alternative views of how the Court should address various threshold issues concerning Plaintiffs' stated intention to file an amended complaint and move for a preliminary injunction. (*See* Joint Status Report, ECF No. 51.) Plaintiffs propose omnibus briefing that would address all of the relevant threshold arguments in a single filing (*see id.* at 1–2), while Defendants seek to have the Court evaluate the merits of the claims that Plaintiffs wish to include in their proposed amended complaint in the context of a set of briefs that separately address the alleged futility of allowing the Plaintiffs to amend the complaint (*see id.* at 5–10). Defendants further observe that Plaintiffs may "amend [their] pleading only with the opposing party's written consent or the court's leave[,]" Fed. R. Civ. P. 15(a)(2), and it appears that Defendants do *not* consent to such an amendment, both on the futility grounds and also because the proposed amendment is being sought "over 14 months after initiation of this lawsuit[.]" (Joint Status Report at 5.)

As Defendants know all too well, the 14-month period between the filing of the initial complaint and now resulted from their decision to appeal this Court's earlier ruling, and nothing in their current opposition to Plaintiffs' proposed amendment suggests that Defendants would be prejudiced by an amendment to the complaint at this time. *Cf. Atchinson v. District of Columbia*, 73 F.3d 418, 425–26 (D.C. Cir. 1996) (noting that "undue delay is a sufficient reason for denying leave to amend"). Moreover, Defendants' arguments about the futility of Plaintiffs' amendments touch on

the merits of the underlying amended claims, and those claims are not patently frivolous (insofar as, among other things, they raise jurisdictional issues involving statutory interpretation that the D.C. Circuit has not squarely addressed). Additionally, because the Court would essentially be required to determine the merits of the proposed claims as a vehicle for deciding whether or not amendment will be authorized, Defendants' suggested procedure adds an additional layer of consideration in a manner that forestalls, rather than facilitates, resolution of the parties' dispute. The Court further notes that Defendants' preferred approach is also seemingly unwarranted, given that the jurisdictional arguments they intend to make about the futility of the proposed amendment can be raised and resolved in the context of the parties' briefing with respect to the Plaintiffs' preliminary injunction after the amended complaint is filed.

Therefore, the following schedule for amending the complaint and briefing the anticipated motion for a preliminary injunction is hereby **ORDERED**:

(1) Plaintiffs shall amend their complaint on or before **October 19, 2020**.

(2) Plaintiffs' motion for preliminary injunction shall be filed on or before **October 19, 2020**.

(3) Defendants shall serve on Plaintiffs any additional administrative record materials, in light of the claims brought in Plaintiffs' amended complaint, on or before **October 26, 2020**;

(4) Defendants shall file their opposition to Plaintiffs' motion for preliminary injunction on or before **November 2, 2020**.

(5) Any reply brief by Plaintiffs shall be filed on or before **November 6, 2020**.

It is

**FURTHER ORDERED** that Defendants' deadline to answer or otherwise respond to Plaintiffs' amended complaint will be **STAYED** pending resolution of Plaintiffs' motion for preliminary injunction.


DATE:  October 15, 2020                    *Ketanji Brown Jackson*
                                           KETANJI BROWN JACKSON
                                           United States District Judge