UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Make the Road New York, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>Kevin McAleenan, *et al.*,<br><br>       Defendants. | Civil Action No. 1:19-cv-02369-KBJ |

**RESPONSE TO COURT'S ORDER**

    Defendants submit this response to the Court's order issued January 22, 2021, ordering that the parties show cause "why this Court should not suspend consideration of this matter, including Plaintiffs' motion for a preliminary injunction, pending the agency's review of its immigration enforcement policies" and in light of a memorandum issued by the then-Acting Secretary of Homeland Security "paus[ing] ... removals of some of the noncitizens who are subject to the expedited removal designation" at issue in this case.

    As explained below, given the President's Executive Order issued February 2, 2021 directing the Department of Homeland Security to promptly review the designation at issue in this case and to consider whether to modify, revoke, or rescind it, the Department's ongoing review of its rules, policies, and practices concerning immigration enforcement, including the designation at issue in this case, and the Departments' revised enforcement priorities, Defendants agree that the Court should suspend consideration of this matter. *Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 508 (D.C. Cir. 2019) (previously holding "the case in abeyance, initially to allow the incoming administration time to consider the case and later because the Department expected to begin the process of rescinding the rule"). An abeyance would conserve judicial resources, avoid

further litigation, and obviate the need to address any novel legal issues this case raises. In addition, although a district court in the Southern District of Texas issued a temporary restraining order enjoining implementation of the 100-day pause of certain removals, *see Texas v. United States*, No. 6:21-CV-00003, 2021 WL 247877 (S.D. Tex. Jan. 26, 2021), as explained below, an abeyance will not prejudice Plaintiffs. Defendants further propose to submit a status report concerning the status of the designation at issue in this case within either 60 days of the date of any order holding this matter in abeyance, or, in the event the designation is modified or rescinded, the date of that modification or rescission, whichever occurs first. In support of this response, Defendants state as follows:

1.      On July 23, 2019, the Department of Homeland Security, exercising its authority under 8 U.S.C. § 1225(b)(1)(A)(iii), issued a designation, published in the Federal Register, designating certain non-citizens not covered by a prior designation encountered anywhere in the United States within two years of crossing the border as eligible for removal under expedited removal procedures. *See Designating Aliens for Expedited Removal*, 84 Fed. Reg. 35,409, 35,411 (July 23, 2019).

2.      Although this Court previously enjoined the designation, *see Make the Rd. New York v. McAleenan*, 405 F. Supp. 3d 1, 39-60 (D.D.C. 2019), the D.C. Circuit reversed this Court's grant of an injunction in a published decision. *See Make The Rd. New York v. Wolf*, 962 F.3d 612, 623 (D.C. Cir. 2020). Following the issuance of the mandate in the Court of Appeals, the designation became operative nationwide.

3.      Plaintiffs filed a motion to amend their complaint, adding two new claims, and a renewed motion for preliminary injunction. Dkts. 55, 56-1. The Court held argument on November 13, 2020, and the motion for preliminary injunction remains pending.

4. On January 20, 2021, President Biden signed an Executive Order revoking Executive Order 13768, Enhancing Public Safety in the Interior of the United States, issued January 25, 2017. *See* Executive Order 13993 on the Revision of Civil Immigration Enforcement Policies and Priorities, 86 Fed. Reg. 7051 (Jan. 25, 2021). Executive Order 13768 directed the Department to, among other things, prioritize the removal of certain non-citizens described in 8 U.S.C. § 1225, the provision authorizing expedited removal of non-citizens.

5. The January 20, 2021 Executive Order further directed the Department to "review any agency actions developed pursuant to Executive Order 13768 and take action, including issuing revised guidance, as appropriate and consistent with applicable law" and the January 20, 2021 Executive Order.

6. On January 20, 2021, after issuance of the Executive Order, the Department separately issued a memorandum directing the Department's "components to conduct a review of policies and practices concerning immigration enforcement." *See* Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities, *available at* https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (last accessed Feb. 1, 2021). In particular, the memorandum indicated that "[t]he United States faces significant operational challenges at the southwest border as it is confronting the most serious global public health crisis in a century." *Id.* at 1. Further, the memorandum stated that "[i]n light of those unique circumstances, the Department must surge resources to the border in order to ensure safe, legal and orderly processing, to rebuild fair and effective asylum procedures that respect human rights and due process, to adopt appropriate public health guidelines and protocols, and to prioritize responding to threats to national security, public safety, and border security." *Id.*

7. To effectuate those goals, the memorandum directed that the Department implement, effective February 1, 2021, interim civil enforcement guidelines. *Id.* at 2. The memorandum further provided:

> In the interim and pending completion of [the] review [of the policies and practices concerning immigration enforcement], the Department's priorities shall be:
>
> 1. **National security.** Individuals who have engaged in or are suspected of terrorism or espionage, or whose apprehension, arrest and/or custody is otherwise necessary to protect the national security of the United States.
>
> 2. **Border security.** Individuals apprehended at the border or ports of entry while attempting to unlawfully enter the United States on or after November 1, 2020, or who were not physically present in the United States before November 1, 2020.
>
> 3. **Public safety.** Individuals incarcerated within federal, state, and local prisons and jails released on or after the issuance of this memorandum who have been convicted of an "aggravated felony," as that term is defined in section 101(a)(43) of the Immigration and Nationality Act at the time of conviction, and are determined to pose a threat to public safety..."

*Id.* The memorandum further provides that "[t]hese priorities shall apply not only to the decision to issue, serve, file, or cancel a Notice to Appear, but also to a broad range of other discretionary enforcement decisions." *Id.* Moreover, the memorandum mandates that "the Acting Director of ICE shall issue operational guidance on the implementation of these priorities," and that "[t]his guidance shall also include a process for the Director of ICE to review and approve of any civil immigration enforcement actions against individuals outside of federal, state or local prisons or jails." *Id.* at 3.

8. The memorandum also directed an "immediate 100-day pause on removals" to begin no later than January 22, 2021. *Id.* at 3; *but see Texas v. United States*, No. 6:21-CV-00003, 2021 WL 247877 (S.D. Tex. Jan. 26, 2021) (temporarily enjoining the 100-day pause on certain removals).

9. In addition, on February 2, 2021, the President issued an Executive Order directing the Department to "promptly review and consider whether to modify, revoke, or rescind" the designation at issue in this case." Executive Order, Creating a Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide a Safe and Orderly Processing of Asylum Seekers at the United States Border § 4.b.2, *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2021/02/02/executive-order-on-creating-a-comprehensive-regional-framework-to-address-the-causes-of-migration-to-manage-migration-throughout-north-and-central-america-and-to-provide-safe-and-orderly-processing/ (last accessed Feb. 2, 2021). Accordingly, the designation at issue in this case is presently undergoing review.

10. In light of the foregoing, Defendants respectfully submit that a temporary abeyance of this case, to allow the Department to promptly review its policies, including the designation at issue in this case, and to consider whether modifying or rescinding that designation is warranted. An order holding this case in abeyance will serve judicial economy and prevent the expenditure of further resources by the Court and the parties. *See Save Jobs USA*, 942 F.3d at 508 (explaining that abeyance is appropriate in such circumstances). If the Department elects to issue a new designation modifying or rescinding the July 23, 2019 designation at issue in this case, that may obviate the need for any further proceedings in this case, including resolving the pending motion for preliminary injunction. *See, e.g.*, *Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 650 F. App'x 13, 14 (D.C. Cir. 2016) (dismissing case as moot and explaining that case challenging agency regulation is "moot" when the challenged regulation "is no longer in effect").

11. Moreover, because the designation is under review and may be modified if not rescinded in the near future, the Court "may never need to" "decide the merits of [this] challenge to the" designation. *Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012). That includes

the novel jurisdictional and merits issues raised by Plaintiffs' new claims—that Acting Secretary McAleenan was unlawfully serving as "Secretary" when he issued the designation (Claim 7), Dkt. 55, ¶¶ 192-203, and that the designation unlawfully "extend[s] authority to place into expedited removal individuals in the interior of the United States who have been physically present for up to two years based on a determination that they are inadmissible under 8 U.S.C. § 1182(a)(7)" (Claim 8), *id.* ¶¶ 204-08. *See* Dkt. 62 at 113-24, 26-34, 53-60. And it also includes the previously undecided claim concerning what, if any, due process rights non-citizens subject to the designation have. *See id.* at 34-48. Where a rule is likely to be modified or rescinded, it is "preferable as a general matter to review a set of claims in the context of an extant rather than a defunct rule." *Ass'n of Am. Physicians & Surgeons v. Sebelius*, 746 F.3d 468, 473 (D.C. Cir. 2014).

12.     An abeyance also accords with the D.C. Circuit's practice to hold regulatory challenges in abeyance when a change in administration occurs. *See Am. Lung Ass'n v. Envtl. Prot. Agency*, No. 19-1140, 2021 WL 162579, at *9 (D.C. Cir. Jan. 19, 2021) (recognizing abeyance may be warranted in such circumstances even after a court "hear[s] argument ... but before we issue[] a decision" when the agency "reassesse[s] its position" after a change in administration); *accord Save Jobs USA*, 942 F.3d at 508. As the D.C. Circuit has also explained "[a] change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations. As long as the agency remains within the bounds established by Congress, it is entitled to assess administrative records and evaluate priorities in light of the philosophy of the administration." *Nat'l Ass'n of Home Builders v. E.P.A.*, 682 F.3d 1032, 1043 (D.C. Cir. 2012). An abeyance to allow reappraisal of the designation at issue in this case accords with this principle.

13.     In the event Plaintiffs become aware that any of their members are subject to an enforcement action resulting in imminent removal during the pendency of any abeyance of this

case, they can bring that to the government's attention or, absent any other option, seek immediate relief with the Court.

14. Consequently, Plaintiffs will suffer no prejudice from an abeyance of this case pending the Department's review of the designation and decision whether to modify or rescind it.

For these reasons, the government respectfully requests that the Court "suspend consideration of this matter, including Plaintiffs' motion for a preliminary injunction, pending the agency's review of its immigration enforcement policies." (Minute Order, Jan. 22, 2021).

                                                  Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Acting Assistant Attorney General

                                                  WILLIAM C. PEACHEY
                                                  Director

                                           By: /s/ *Erez Reuveni*
                                                  EREZ REUVENI (CA Bar No. 264124)

CHRISTOPHER R. HALL                     Assistant Director
Assistant Branch Director                      Office of Immigration Litigation
Federal Programs Branch                     U.S. Department of Justice, Civil Division
                                                  P.O. Box 868, Ben Franklin Station
REBECCA CUTRI-KOHART                  Washington, DC 20044
BRIAN C. ROSEN-SHAUD                   Tel: (202) 307-4293
Trial Attorneys                                        Email: Erez.R.Reuveni@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W. Washington, D.C. 20530

Dated: February 4, 2021                           *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 4, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                             By: */s/ Erez Reuveni*
                                   EREZ REUVENI
                                   Assistant Director
                                   United States Department of Justice
                                   Civil Division