IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD NEW YORK, et al., | ) |
| *Plaintiffs*, | ) |
| v. | ) No. 2019-cv-02369-KBJ |
| ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, et al., | ) |
| *Defendants*. | ) |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs object to staying or otherwise holding their action in abeyance absent a commitment by Defendants not to utilize the authority granted by the challenged 2019 Expedited Removal Designation pending Defendants' review of that rule and the rule's potential modification or rescission.

On July 23, 2019, then-Acting DHS Secretary Kevin McAleenan published a rule in the Federal Register authorizing immigration officers to apply expedited removal to noncitizens arrested anywhere in the country who entered by land and cannot show continuously presence in the United States for at least two years. *See* Notice Designating Aliens for Expedited Removal," 84 Fed. Reg. 35,409 (July 23, 2019) ("2019 Designation"). The 2019 Designation expanded the use of expedited removal beyond its prior limits. Previously, expedited removal was limited to those who had been in the country for up to fourteen days and were apprehended near the border, or those who had arrived by sea. *See generally* ECF 56-1 at 2-12. Plaintiffs filed this action on August 6, 2019 to challenge this unprecedented change. *See* ECF 1.

1

On February 2, 2021, President Biden directed the Secretary of the Department of Homeland Security, Alejandro Mayorkas, to review the July 2019 Designation. *See* Exec. Order (Feb. 2, 2021), "Creating a Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide Safe and Orderly Process of Asylum Seekers at the United States Border," *available at* https://bit.ly/3joTRf5.  Section 4(b)(ii) of the Executive Order provides:

> The Secretary of Homeland Security shall promptly review and consider whether to modify, revoke, or rescind the designation titled "Designating Aliens for Expedited Removal," 84 Fed. Reg. 35,409 (July 23, 2019), regarding the geographic scope of expedited removal pursuant to INA section 235(b)(1), 8 U.S.C. 1225(b)(1), consistent with applicable law.  The review shall consider our legal and humanitarian obligations, constitutional principles of due process and other applicable law, enforcement resources, the public interest, and any other factors consistent with this order that the Secretary deems appropriate.  If the Secretary determines that modifying, revoking, or rescinding the designation is appropriate, the Secretary shall do so through publication in the Federal Register.

The required review may result in the Secretary's rescission of the 2019 Designation, pursuant to the authority set out in in 8 U.S.C. § 1225(b)(1)(A)(iii).  If that is the outcome, then Plaintiffs' action may be moot, at that time.

However, pending the ordered review, Defendants retain the authority to place individuals into the expanded scope of expedited removal, as set out in the 2019 Designation.  Thus, the case is not moot at this time. *See Singh v. Carter*, 185 F. Supp.3d 11, 19 (D.D.C. 2016) ("'A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'") (quoting *Campbell–Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)).  To demonstrate that voluntary cessation of a challenged action has mooted a case, Defendants must show "(1) there is no reasonable expectation that the alleged violation will recur . . . and (2) interim relief or events have completely and irrevocably eradicated the effects

2

of the alleged violation." *DL v. District of Columbia*, 187 F. Supp. 3d 1, 5 (D.D.C. 2016) (citation and quotation marks omitted).

The Executive Order does not restrict or pause Defendants' use of the authority set out in the July 2019 Designation pending the ordered review. Nor do the other actions taken by the Biden Administration fully restrict the use of the authority granted by the 2019 Designation. On January 20, 2021, then-Acting Secretary of DHS David Pekoske issued a Memorandum directing "a review of policies and practices concerning immigration enforcement [and setting] interim policies during the course of that review." *See* January 20, 2021 DHS Memorandum Regarding Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities, *available at* https://bit.ly/3jjy0pp ("Pekoske Memorandum"). The Pekoske Memorandum provides interim guidance on enforcement actions pending such review, as well as a temporary moratorium on removals, the latter of which is currently stayed pursuant to court order. *See* Order, ECF 16, *Texas v. United States*, 21-cv-0003 (S.D. Tx. Jan. 26, 2021). The Pekoske Memorandum provides only *interim* guidance, and moreover places no limitations on enforcement actions – meaning arrests and placement in proceedings – or execution of removal orders as to individuals who were not physically in the United States before November 1, 2020. Thus, the Pekoske Memorandum may not fully protect Plaintiff Organizations and their members against the use of the challenged Designation pending review.

Plaintiffs welcome the announced review of the 2019 Designation. However, absent a commitment to non-utilization of the 2019 Designation pending such review, Plaintiff Organizations and their members continue to face the imminent threat of injury, and their claims remain live. For that reason, this action should remain under active consideration by the Court.

Dated: February 4, 2021

Trina Realmuto*
Kristin Macleod-Ball*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 506-3646

Karolina J. Walters (D.C. Bar No. 1049113)
American Immigration Council
1331 G Street, NW, Suite 200
Washington, D.C. 20005
(202) 507-7520

Jonathan K. Youngwood*
Susannah S. Geltman*
Joshua Polster*
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-2000

Adrienne V. Baxley (D.C. Bar No. 1044750)
Simpson Thacher & Bartlett LLP
900 G Street, N.W.
Washington, D.C. 20001
(202) 636-5822

Respectfully submitted,

*/s/ Celso Perez*
Celso Perez (D.C. Bar No. 1034959)
Anand Balakrishnan*
Michael Tan*
Omar C. Jadwat*
Lee Gelernt*
David Chen**
American Civil Liberties Union
Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600

Stephen B. Kang*
Spencer Amdur*
American Civil Liberties Union
Foundation, Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0774

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union
Foundation of the District of Columbia
915 15th Street, NW, 2nd floor
Washington, D.C. 20005
(202) 457-0800

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*
*\*\*Filing pursuant to LCvR 83.2(c)*

4