UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Make the Road New York, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-02369-KBJ |
| ) | |
| Kevin McAleenan, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**STATUS REPORT**

The parties submit this response to the Court's order issued February 8, 2021, staying this case "until further Order of this Court," and requiring the parties to "file a status report ... which shall include a proposed schedule for further proceedings if litigation is going to be necessary." As explained below, the parties agree that the case should remain stayed pending ongoing review of the designation at issue in this case, which Defendants anticipate completing by June 2, 2021. Plaintiffs separately request that, should the review not be complete at that time, Defendants inform the Court as to the status and use of the designation pending review.

**Defendants' Position**

Defendants believe that the case should remain stayed pending review of the designation at issue in this case.

1.     As explained in Defendants' prior submission (ECF 75), several intervening events impact this case. On January 20, 2021, President Biden signed an Executive Order revoking Executive Order 13768, Enhancing Public Safety in the Interior of the United States, issued January 25, 2017. *See* Executive Order 13993 on the Revision of Civil Immigration Enforcement Policies and Priorities, 86 Fed. Reg. 7051 (Jan. 25, 2021). Executive Order 13768 directed the

Department of Homeland Security (DHS) to, among other things, prioritize the removal of certain non-citizens described in 8 U.S.C. § 1225, the provision authorizing expedited removal of non-citizens.

2. That same day, the DHS separately issued a memorandum directing the its "components to conduct a review of policies and practices concerning immigration enforcement." *See* Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities, *available at* https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (last accessed April 6, 2021). Among other things, this memorandum identified interim civil enforcement priorities: national security, border security, and public safety, and directed Immigration and Customs Enforcement (ICE) to issue further interim guidance. *Id.* at 2.

3. On February 18, 2021, ICE issued that guidance. *See* Interim Guidance: Civil Immigration Enforcement and Removal Priorities, *available at* https://www.ice.gov/doclib/news/releases/2021/021821_civil-immigration-enforcement_interim-guidance.pdf (last accessed April 6, 2021). The guidance applies to "all civil immigration enforcement and removal decisions made after the issuance of this memorandum," including "when and under what circumstances to execute final orders of removal." *Id.* at 3. The guidance provides that only certain categories of noncitizens will be "presumed to be priorities" for enforcement or removal actions, including noncitizens who (1) have engaged in or are suspected of engaging in terrorism or terrorism-related activities or espionage or espionage-related activities, (2) unlawfully entered or were not physically present in the United States on or after November 1, 2020, or (3) have been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43) or an offense for which an element is active participation in a criminal street gang. *Id.* at 4-5.

4. In addition, on February 2, 2021, the President issued an Executive Order directing DHS to "promptly review and consider whether to modify, revoke, or rescind" the designation at issue in this case. Executive Order, Creating a Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide a Safe and Orderly Processing of Asylum Seekers at the United States Border § 4.b.2, 86 Fed. Reg. 8267, 8270 (Feb. 5, 2021). DHS has informed undersigned counsel that it anticipates completing that review by June 2, 2021.

5. In light of the foregoing, Defendants respectfully submit that the case should remain in abeyance, to allow the Department to complete review of its policies, including review of the designation at issue in this case, and to consider whether modifying or rescinding that designation is warranted. An abeyance will continue to serve judicial economy and prevent the expenditure of further resources by the Court and the parties, *see Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 508 (D.C. Cir. 2019), and allow for further government action that may obviate the need for any further proceedings in this case, including resolving the pending motion for preliminary injunction. *See, e.g.*, *Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 650 F. App'x 13, 14 (D.C. Cir. 2016). An abeyance also accords with the D.C. Circuit's practice to hold regulatory challenges in abeyance when a change in administration occurs. *See Am. Lung Ass'n v. Envtl. Prot. Agency*, No. 19-1140, 2021 WL 162579, at *9 (D.C. Cir. Jan. 19, 2021); *accord Save Jobs USA*, 942 F.3d at 508. Finally, in the event Plaintiffs become aware that any of their members are subject to an enforcement action resulting in possibly imminent removal during the pendency of any abeyance of this case, they can bring that to the government's attention or, absent any other option, seek immediate relief with the Court.

6. Defendants further propose that the parties submit a status report on June 8, 2021, sixty days from the date of this filing, to update the Court on the status of the designation.

7. Plaintiffs have separately requested that the Court order Defendants to provide the Court "with specific information regarding the use of the designation pending the review process" "should the review process continue beyond June 2, 2021." *See infra*, Plaintiff's Position, ¶ 3. Defendants submit that this request is premature and should be denied without prejudice to Plaintiffs' raising the issue again if the review process is not completed by June 2, 2021, as anticipated. Should the issue ripen at that time, Defendants do not oppose conferring further with Plaintiffs on their request as part of discussing whether any further abeyance is appropriate.

**Plaintiffs' Position**

1. Given the anticipated completion of the review process by June 2, 2021, Plaintiffs agree that a further 60-day abeyance of the case is appropriate, and that the parties should submit a status report on June 8, 2021 to update the Court.

2. Plaintiffs are not aware of instances of the designation's application while it has been under review. But Defendants – not Plaintiffs – are in possession of complete information regarding the use of the designation, and are in the best position to inform the Court and the Plaintiffs in order to guide next steps, if any are needed.

3. Therefore, Plaintiffs separately request that, should the review process continue beyond June 2, 2021, Defendants provide the Court with specific information regarding the use of the designation pending the review process, including whether it has been used to place individuals into expedited removal since the review process began, if so, how many individuals have been placed into expedited removal pursuant to the designation during that time, and the intended use of the designation through the completion of the review process.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | WILLIAM C. PEACHEY<br>Director |
| CHRISTOPHER R. HALL<br>Assistant Branch Director<br>Federal Programs Branch | By: /s/ *Erez Reuveni*<br>EREZ REUVENI (CA Bar No. 264124)<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station |
| REBECCA CUTRI-KOHART<br>BRIAN C. ROSEN-SHAUD<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W. Washington, D.C. 20530 | Washington, DC 20044<br>Tel: (202) 307-4293<br>Email: Erez.R.Reuveni@usdoj.gov |
| Dated: April 9, 2021 | *Attorneys for Defendants* |
|  | Respectfully submitted, |
| Trina Realmuto*<br>Kristin Macleod-Ball*<br>National Immigration Litigation Alliance<br>10 Griggs Terrace<br>Brookline, MA 02446<br>(617) 506-3646 | /s/ *Anand Balakrishnan*<br>Anand Balakrishnan*<br>Michael Tan*<br>Omar C. Jadwat*<br>Lee Gelernt*<br>David Chen**<br>American Civil Liberties Union<br>Foundation, Immigrants' Rights Project<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2600 |
| Karolina J. Walters (D.C. Bar No. 1049113)<br>American Immigration Council<br>1331 G Street, NW, Suite 200<br>Washington, D.C. 20005<br>(202) 507-7520 |  |
| Jonathan K. Youngwood*<br>Susannah S. Geltman*<br>Joshua Polster*<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 | Stephen B. Kang*<br>Spencer Amdur*<br>American Civil Liberties Union<br>Foundation, Immigrants' Rights Project<br>39 Drumm Street<br>San Francisco, CA 94111<br>(415) 343-0774 |
| Adrienne V. Baxley (D.C. Bar No. 1044750) | Arthur B. Spitzer (D.C. Bar No. 235960)<br>Scott Michelman (D.C. Bar No. 1006945) |

| | |
|---|---|
| Simpson Thacher & Bartlett LLP<br>900 G Street, N.W.<br>Washington, D.C. 20001<br>(202) 636-5822 | American Civil Liberties Union<br>Foundation of the District of Columbia<br>915 15th Street, NW, 2nd floor<br>Washington, D.C. 20005<br>(202) 457-0800<br><br>*Attorneys for Plaintiffs*<br><br>*\*Admitted pro hac vice*<br>*\*\*Filing pursuant to LCvR 83.2(c)* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
    EREZ REUVENI
    Assistant Director
    United States Department of Justice
    Civil Division