UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Make the Road New York, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-02369-KBJ |
| ) | |
| Kevin McAleenan, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## STATUS REPORT

The parties submit this response to the Court's order issued August 4, 2021, continuing the stay of this case entered February 8, 2021, and requiring the parties to "file a status report ... which shall include a proposed schedule for further proceedings if litigation is going to be necessary." As explained below, the parties agree that the case should remain stayed pending ongoing review of the designation at issue in this case and propose that the parties submit a status report on December 1, 2021, 30 days from the date of this filing.

**Defendants' Position**

Defendants believe that the case should remain stayed pending review of the designation at issue in this case.

1.  As explained in Defendants' prior submissions (ECF 75, ECF 78, ECF 80), several intervening events impact this case. On January 20, 2021, President Biden signed an Executive Order revoking Executive Order 13768, Enhancing Public Safety in the Interior of the United States, issued January 25, 2017. *See* Executive Order 13993 on the Revision of Civil Immigration Enforcement Policies and Priorities, 86 Fed. Reg. 7051 (Jan. 25, 2021). Executive Order 13768 directed the Department of Homeland Security (DHS) to, among other things, prioritize the

removal of certain non-citizens described in 8 U.S.C. § 1225, the provision authorizing expedited removal of non-citizens.

2. That same day, the DHS separately issued a memorandum directing the its "components to conduct a review of policies and practices concerning immigration enforcement." *See* Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities, *available at* https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (last accessed April 6, 2021). Among other things, this memorandum identified interim civil enforcement priorities: national security, border security, and public safety, and directed Immigration and Customs Enforcement (ICE) to issue further interim guidance. *Id.* at 2.

3. On February 18, 2021, ICE issued that guidance. *See* Interim Guidance: Civil Immigration Enforcement and Removal Priorities, *available at* https://www.ice.gov/doclib/news/releases/2021/021821_civil-immigration-enforcement_interim-guidance.pdf (last accessed April 6, 2021). The guidance applies to "all civil immigration enforcement and removal decisions made after the issuance of this memorandum," including "when and under what circumstances to execute final orders of removal." *Id.* at 3. The guidance provides that only certain categories of noncitizens will be "presumed to be priorities" for enforcement or removal actions, including noncitizens who (1) have engaged in or are suspected of engaging in terrorism or terrorism-related activities or espionage or espionage-related activities, (2) unlawfully entered or were not physically present in the United States on or after November 1, 2020, or (3) have been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43) or an offense for which an element is active participation in a criminal street gang. *Id.* at 4-5.

4. In addition, on February 2, 2021, the President issued an Executive Order directing DHS to "promptly review and consider whether to modify, revoke, or rescind" the designation at

issue in this case. Executive Order 14010, Creating a Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide a Safe and Orderly Processing of Asylum Seekers at the United States Border § 4.b.ii, 86 Fed. Reg. 8267, 8270 (Feb. 5, 2021). The Executive Order also directed DHS to take review numerous other policies impacting asylum, expedited removal, and the border, including "ensuring a timely and fair expedited removal process." *Id.*, § 4.b.i, *see id*, §§ 3, 4.

5. On September 29, 2021, Secretary Mayorkas issued further guidance, clarifying the current Administration's enforcement priorities with respect to noncitizens who are threats to national security, public safety, or border security. *See* Guidelines for the Enforcement of Civil Immigration Law 1-7, https://www.ice.gov/doclib/news/guidelines-civilimmigrationlaw.pdf.

6. DHS previously anticipated completing that review by October 29, 2021. *See* ECF 80 at 3. Since the prior filing, to facilitate further review, on October 14, ICE issued a directive that, consistent with Executive Order 14,010, during the pendency of the Department's review, ICE immigration officers may not, as a matter of policy and discretion, apply the July 2019 expedited removal designation, and that ICE guidance implementing the July 2019 designation is not in force. The government now anticipates completing its review on January 26, 2022.

7. In light of the foregoing, Defendants respectfully submit that the case should remain in abeyance, to allow the Department to complete a review of its policies, including a review of the designation at issue in this case, and to consider whether modifying or rescinding that designation is warranted. An abeyance will continue to serve judicial economy and prevent the expenditure of further resources by the Court and the parties, *see Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 508 (D.C. Cir. 2019), and allow for further government action that may obviate the need for any further proceedings in this case, including resolving the pending motion for preliminary injunction. *See, e.g., Wash. Alliance of Tech. Workers v. U.S. Dep't of*

*Homeland Sec.*, 650 F. App'x 13, 14 (D.C. Cir. 2016). An abeyance also accords with the D.C. Circuit's practice to hold regulatory challenges in abeyance when a change in administration occurs. *See Am. Lung Ass'n v. Envtl. Prot. Agency*, No. 19-1140, 2021 WL 162579, at *9 (D.C. Cir. Jan. 19, 2021); *accord Save Jobs USA*, 942 F.3d at 508. Finally, in the event Plaintiffs become aware that any of their members are subject to an enforcement action resulting in possibly imminent removal during the pendency of any abeyance of this case, they can bring that to the government's attention or, absent any other option, seek immediate relief with the Court.

8. Defendants further propose that the parties submit a status report on December 1, 2021, 30 days from the date of this filing, to update the Court on the status of the designation.

**Plaintiffs' Position**

1. On October 14, 2021, through public reporting, Plaintiffs first learned ICE utilized the challenged designation to deport four individuals since the beginning of the review process. *See* Hamed Aleaziz, *The Biden Administration Has Suspended A Trump-Era Policy That Put Immigrants At Risk Of Being Deported Without Due Process*, Buzzfeed, *available at* https://bit.ly/2Y43V6Y. In that same article, a Department of Homeland Security spokesperson indicated that the designation "'will not be used moving forward until the Department's review is completed[.]'"

2. Given the ICE directive to suspend use of the challenged designation pending completion of the ordered review, Plaintiffs agree that a further 30-day abeyance of the case is appropriate, and that the parties should submit a status report on December 1, 2021 to update the Court as to the status of the designation and timeframe for completion of the review.

|  | Respectfully submitted, |
|---|---|
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | WILLIAM C. PEACHEY<br>Director |
|  | By: /s/ *Erez Reuveni*<br>EREZ REUVENI (CA Bar No. 264124) |
| CHRISTOPHER R. HALL<br>Assistant Branch Director<br>Federal Programs Branch | Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station |
| REBECCA CUTRI-KOHART<br>BRIAN C. ROSEN-SHAUD<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W. Washington, D.C. 20530 | Washington, DC 20044<br>Tel: (202) 307-4293<br>Email: Erez.R.Reuveni@usdoj.gov |
| Dated: ~~August 2~~November 1, 2021 | *Attorneys for Defendants* |
|  | Respectfully submitted, |
|  | /s/ *Anand Balakrishnan* |
| Trina Realmuto*<br>Kristin Macleod-Ball*<br>National Immigration Litigation Alliance<br>10 Griggs Terrace<br>Brookline, MA 02446<br>(617) 506-3646 | Anand Balakrishnan*<br>Michael Tan*<br>Omar C. Jadwat*<br>Lee Gelernt*<br>David Chen**<br>American Civil Liberties Union<br>Foundation, Immigrants' Rights Project |
| Karolina J. Walters (D.C. Bar No. 1049113)<br>American Immigration Council<br>1331 G Street, NW, Suite 200<br>Washington, D.C. 20005<br>(202) 507-7520 | 125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2600 |
| Jonathan K. Youngwood*<br>Susannah S. Geltman*<br>Joshua Polster*<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br>(212) 455-2000 | Stephen B. Kang*<br>Spencer Amdur*<br>American Civil Liberties Union<br>Foundation, Immigrants' Rights Project<br>39 Drumm Street<br>San Francisco, CA 94111<br>(415) 343-0774 |
| Adrienne V. Baxley (D.C. Bar No. 1044750) | Arthur B. Spitzer (D.C. Bar No. 235960)<br>Scott Michelman (D.C. Bar No. 1006945) |

5

Simpson Thacher & Bartlett LLP
900 G Street, N.W.
Washington, D.C. 20001
(202) 636-5822

American Civil Liberties Union
Foundation of the District of Columbia
915 15th Street, NW, 2nd floor
Washington, D.C. 20005
(202) 457-0800

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*
*\*\*Filing pursuant to LCvR 83.2(c)*

**CERTIFICATE OF SERVICE**

I hereby certify that on ~~August 2~~<ins>November 1</ins>, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

         By:  */s/ Erez Reuveni*
             EREZ REUVENI
             Assistant Director
             United States Department of Justice
             Civil Division