UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Make the Road New York, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Kevin McAleenan, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:19-cv-02369-JMC |

**JOINT STATUS REPORT**

The parties submit this response to the Court's order issued November 2, 2021, continuing the stay of this case entered February 8, 2021, and requiring the parties to "file a status report ... which shall include a proposed schedule for further proceedings if litigation is going to be necessary."

On March 21, 2022, the Department of Homeland Security (DHS) rescinded the designation challenged by Plaintiffs in this case. *See* Rescission of the Notice of July 23, 2019, Designating Aliens for Expedited Removal, 87 Fed. Reg. 16022 (March 21, 2022). As explained below, the parties agree that the case should remain stayed for now to allow the parties to meet and confer regarding remaining issues, if any, in the case, and to propose further steps for resolution of this case. The parties further propose that the parties submit a status report on June 3, 2022, 60 days from the date of this filing.

1. As explained in the parties' prior submissions, several intervening events impact this case. On January 20, 2021, President Biden signed an Executive Order revoking Executive Order 13768, Enhancing Public Safety in the Interior of the United States, issued January 25, 2017. *See* Executive Order 13993 on the Revision of Civil Immigration Enforcement Policies and

Priorities, 86 Fed. Reg. 7051 (Jan. 25, 2021). Executive Order 13768 directed the Department of Homeland Security (DHS) to, among other things, prioritize the removal of certain non-citizens described in 8 U.S.C. § 1225, the provision authorizing expedited removal of non-citizens.

2. That same day, the DHS separately issued a memorandum directing its "components to conduct a review of policies and practices concerning immigration enforcement." *See* Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities, *available at* https://www.dhs.gov/sites/default/files/publications/21_0120_enforcement-memo_signed.pdf (last accessed April 6, 2021). Among other things, this memorandum identified interim civil enforcement priorities: national security, border security, and public safety, and directed Immigration and Customs Enforcement (ICE) to issue further interim guidance. *Id.* at 2.

3. On February 18, 2021, ICE issued that guidance. *See* Interim Guidance: Civil Immigration Enforcement and Removal Priorities, *available at* https://www.ice.gov/doclib/news/releases/2021/021821_civil-immigration-enforcement_interim-guidance.pdf (last accessed April 6, 2021). The guidance applies to "all civil immigration enforcement and removal decisions made after the issuance of this memorandum," including "when and under what circumstances to execute final orders of removal." *Id.* at 3. The guidance provides that only certain categories of noncitizens will be "presumed to be priorities" for enforcement or removal actions, including noncitizens who (1) have engaged in or are suspected of engaging in terrorism or terrorism-related activities or espionage or espionage-related activities, (2) unlawfully entered or were not physically present in the United States on or after November 1, 2020, or (3) have been convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43) or an offense for which an element is active participation in a criminal street gang. *Id.* at 4-5.

4. In addition, on February 2, 2021, the President issued an Executive Order directing DHS to "promptly review and consider whether to modify, revoke, or rescind" the designation at issue in this case. Executive Order 14010, Creating a Comprehensive Regional Framework to Address the Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide a Safe and Orderly Processing of Asylum Seekers at the United States Border § 4.b.ii, 86 Fed. Reg. 8267, 8270 (Feb. 5, 2021). The Executive Order also directed DHS to take review numerous other policies impacting asylum, expedited removal, and the border, including "ensuring a timely and fair expedited removal process." *Id.*, § 4.b.i, *see id*, §§ 3, 4.

5. On September 29, 2021, Secretary Mayorkas issued further guidance, clarifying the current Administration's enforcement priorities with respect to noncitizens who are threats to national security, public safety, or border security. *See* Guidelines for the Enforcement of Civil Immigration Law 1-7, https://www.ice.gov/doclib/news/guidelines-civilimmigrationlaw.pdf.

6. DHS completed the review of the designation at issue in this case on March 18, 2022, and concluded in "its sole and unreviewable discretion" subject to modification at "any time" to rescind the designation. That decision became effective on March 21, 2022.

7. In light of the foregoing, the parties respectfully submit that the case should remain in abeyance, to allow the parties to meet and confer in light of the Secretary's rescission of the designation at issue in this case, and inform the Court of any next steps.  . The parties further propose that the parties submit a status report on June 3, 2022, 60 days from the date of this filing, to update the Court on the status of the designation.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: /s/ *Erez Reuveni*

| | |
|---|---|
| CHRISTOPHER R. HALL | EREZ REUVENI (CA Bar No. 264124) |
| Assistant Branch Director | Assistant Director |
| Federal Programs Branch | Office of Immigration Litigation |
| | U.S. Department of Justice, Civil Division |
| | P.O. Box 868, Ben Franklin Station |
| REBECCA CUTRI-KOHART | Washington, DC 20044 |
| BRIAN C. ROSEN-SHAUD | Tel: (202) 307-4293 |
| Trial Attorneys | Email: Erez.R.Reuveni@usdoj.gov |
| U.S. Department of Justice | |
| Civil Division, Federal Programs Branch | |
| 1100 L Street, N.W. Washington, D.C. 20530 | |

Dated: April 4, 2022                                   *Attorneys for Defendants*

Respectfully submitted,

Trina Realmuto*  
Kristin Macleod-Ball*  
National Immigration Litigation Alliance  
10 Griggs Terrace  
Brookline, MA 02446  
(617) 506-3646

/s/ *Anand Balakrishnan*

Anand Balakrishnan*  
Michael Tan*  
Omar C. Jadwat*  
Lee Gelernt*  
David Chen**  
American Civil Liberties Union Foundation, Immigrants' Rights Project  
125 Broad Street, 18th Floor  
New York, NY 10004  
(212) 549-2600

Karolina J. Walters (D.C. Bar No. 1049113)  
American Immigration Council  
1331 G Street, NW, Suite 200  
Washington, D.C. 20005  
(202) 507-7520

Jonathan K. Youngwood*  
Susannah S. Geltman*  
Joshua Polster*  
Simpson Thacher & Bartlett LLP  
425 Lexington Avenue  
New York, NY 10017  
(212) 455-2000

Stephen B. Kang*  
Spencer Amdur*  
American Civil Liberties Union Foundation, Immigrants' Rights Project  
39 Drumm Street  
San Francisco, CA 94111  
(415) 343-0774

4

Adrienne V. Baxley (D.C. Bar No. 1044750)  
Simpson Thacher & Bartlett LLP  
900 G Street, N.W.  
Washington, D.C. 20001  
(202) 636-5822  

Arthur B. Spitzer (D.C. Bar No. 235960)  
Scott Michelman (D.C. Bar No. 1006945)  
American Civil Liberties Union  
Foundation of the District of Columbia  
915 15th Street, NW, 2nd floor  
Washington, D.C. 20005  
(202) 457-0800  

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*  
*\*\*Filing pursuant to LCvR 83.2(c)*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*  
EREZ REUVENI  
Assistant Director  
United States Department of Justice  
Civil Division